FILED
JANUARY 17, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Case 1:08-cv-00381   Document 1   Filed 01/17/2008   Page 1 of 6
DAJ

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**08 C 381**

| | |
|---|---|
| LIONEL FRANKLIN, | COMPLAINT |
| Plaintiff, | |
| v. | Civil Action No. **JUDGE KENNELLY** **MAGISTRATE JUDGE MASON** |
| CENTRAL CREDIT SERVICES, INC., and ARROW FINANCIAL SERVICES, LLC, | |
| Defendants. | **JURY TRIAL DEMANDED** |

## COMPLAINT

I.   **INTRODUCTION**

1. This action is brought by Plaintiff Lionel Franklin for statutory damages against Defendant Central Credit Services, Inc. And Arrow Financial Services, LLC, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. (hereinafter referred to as "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

II.  **JURISDICTION**

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Venue is proper in this district as all relevant events took place here.

III. **PARTIES**

3. Plaintiff Lionel Franklin is an individual who resides in Calumet City, Illinois.

4. Mr. Franklin is a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3).

5. Defendant Central Credit Services, Inc. (hereinafter referred to as "CCS") is a corporation organized under the laws of the State of Florida located at 9550 Regency Square Boulevard, Jacksonville, Florida.

6. CCS is licensed by the State of Illinois as a Collection Agency.

7. CCS is engaged in the collection of debts from Illinois consumers using the mail and telephone.

8. CCS regularly attempts to collect consumer debts alleged to be due to another.

9. CCS was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

10. Defendant Arrow Financial Services, LLC (hereinafter referred to as "Arrow") is a corporation organized under the laws of the State of Delaware with its principal address in Illinois.

11. Arrow is licensed by the State of Illinois as a Collection Agency.

12. Arrow is engaged in the collection of debts from Illinois consumers using the mail and telephone.

13. Arrow regularly purchases defaulted debts.

14. Arrow regularly engaged the services of debt collectors to collect the defaulted debts Arrow purchases.

15. Arrow regularly attempts to collect consumer debts alleged to be due to another.

16. Arrow was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.	FACTUAL ALLEGATIONS

17.	Mr. Franklin incurred an alleged debt to Carsons ("the Debt") for personal purchases made on a department store credit card.

18.	The Debt was incurred for personal, family, or household purposes, *i.e.*, personal purchases with a Carsons department store credit card.

19.	At some point after default, Arrow purchased or otherwise obtained the Debt.

20.	During September or October 2007, CCS obtained the Debt.

21.	On or about October 25, 2007, CCS prepared and/or sent its initial written communication to Mr. Franklin.

22.	On October 25, 2007, at 8:24pm, CCS initiated a telephone call to Mr. Franklin from telephone number 636.200.0116.

23.	The October 25, 2007, telephone call CCS placed to Mr. Franklin was not answered.

24.	CCS left a message for Mr. Franklin on October 25, 2007.

25.	The October 25, 2007, voicemail appeared to begin in the middle of the substance of the voicemail.

26.	The October 25, 2007, voicemail stated, "…between the hours of 8am and 9pm Monday through Thursday, 8am and 5pm Friday, and 8am to 12noon Saturday eastern time. When calling, be sure to reference file number 3436202."

27.	On October 28, 2007, at 7:51pm, CCS initiated a telephone call to Mr. Franklin from telephone number 636.200.0116.

28.	The October 28, 2007, telephone call CCS placed to Mr. Franklin was not

answered.

29. CCS left a message for Mr. Franklin on October 28, 2007.

30. The October 28, 2007, voicemail appeared to begin in the middle of the substance of the voicemail.

31. The October 28, 2007, voicemail stated, "…between the hours of 8am and 9pm Monday through Thursday, 8am and 5pm Friday, and 8am to 12noon Saturday eastern time. When calling, be sure to reference file number 3436202."

32. On or about October 30, 2007, Mr. Franklin called CCS at 636.200.0116.

33. On or about October 30, 2007, CCS received a telephone call from Mr. Franklin.

34. Mr. Franklin was connected with, and spoke to, Sara Reid.

35. Sara Reid is an employee of CCS.

36. Sara Reid is a fictitious name.

37. Sara Reid told Mr. Franklin that CCS obtained the Debt a few weeks prior.

38. Mr. Franklin told Sara Reid that he wanted to dispute the Debt.

39. Sara Reid told Mr. Franklin that he could not dispute the Debt over the phone.

40. Sara Reid told Mr. Franklin that he can call the credit bureau and dispute the Debt with them.

41. Mr. Franklin asked if he could dispute the Debt at all with CCS.

42. Sara Reid told Mr. Franklin he could not dispute the Debt with CCS.

43. The telephone message left by CCS on October 25, 2007, was a communication made in an attempt to collect the Debt.

44. The telephone message left by CCS on October 28, 2007, was a communication

made in an attempt to collect the Debt.

45. The telephone number 636.200.0116 is answered by CCS.

46. The telephone message left by CCS on October 25, 2007, did not meaningfully disclose CCS as the identity of the caller.

47. The telephone message left by CCS on October 25, 2007, did not disclose that CCS was attempting to collect a debt and that any information obtained will be used for that purpose.

48. The telephone message left by CCS on October 25, 2007, did not disclose that the communication was from a debt collector.

49. The telephone message left by CCS on October 28, 2007, did not meaningfully disclose CCS as the identity of the caller.

50. The telephone message left by CCS on October 28, 2007, did not disclose that the communication was from a debt collector.

51. The actions of CCS are imputed to Arrow.

V. **COUNT ONE – FAIR DEBT COLLECTION PRACTICES ACT**

52. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

53. Defendants' violations of the FDCPA include, but are not limited to

   A. engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. § 1692d;

   B. placing telephone calls without meaningful disclosure of the caller's identify in violation of 15 U.S.C. § 1692d(6);

  C. using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. §§ 1692e and e(10);

  D. failing to disclose in communications subsequent to the initial communication with the consumer that the communication is from a debt collector in violation of 15 U.S.C. § 1692e(11); and

  E. contradicting and/or overshadowing the right to dispute the debt within thirty days of receipt of the language required by 15 U.S.C. § 1692g(a) in violation of 15 U.S.C. § 1692g(a).

54. As a result of CCS's and Arrow's violations of the FDCPA, Mr. Franklin is entitled to an award of statutory damages, costs and reasonable attorney fees.

## VI. REQUEST FOR RELIEF

WHEREFORE, Plaintiff Lionel Franklin requests that judgment be entered in his favor against Defendant Central Credit Services, Inc. and Arrow Financial Services, LLC, for:

  A. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

  B. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

  and

  C. For such other relief as the Court may find to be just and proper.

## VII. JURY DEMAND

Plaintiff Lionel Franklin hereby demands that this case be tried before a Jury.

       s/ Craig M. Shapiro
      Craig M. Shapiro
      O. Randolph Bragg
      HORWITZ, HORWITZ & ASSOCIATES, LTD..
      25 East Washington Street Suite 900
      Chicago, Illinois 60602
      (312) 372-8822; (312) 372-1673 (Facsimile)

      ATTORNEYS FOR PLAINTIFF LIONEL FRANKLIN